IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA,**

v.

**EVERETT J. TRIPODIS,**   1:01-cr-109-WSD

        Defendant,

and

**SUNTRUST BANK,**

        Garnishee.

**OPINION AND ORDER**

This matter is before the Court on Defendant Everett J. Tripodis's ("Defendant") Request for a Hearing [92] on the Writ of Continuing Garnishment against Defendant's property held in a bank account at SunTrust Bank ("SunTrust Garnishment Writ") [83]. Also before the Court is Defendant's Request for a Hearing [93] on the Writ of Continuing Garnishment against Defendant's property held in a bank account at Wells Fargo Bank, N.A. ("Wells Fargo Garnishment Writ") [82].[1]

---

[1] On August 23, 2016, the Government terminated the Wells Fargo Garnishment Writ because Wells Fargo reported that it did not possess any assets or property belonging to Defendant. ([88]). Defendant's Request for a Hearing regarding the Wells Fargo Garnishment Writ is denied as moot. Even if it were not

I.      BACKGROUND

On February 26, 2001, Defendant pleaded guilty to conspiracy to sell motor vehicles in interstate commerce, altering Vehicle Identification Numbers, transporting automobiles and counterfeiting documents, in violation of 18 U.S.C. §§ 371, 511, 513(a), 2312, 2313, and 2321.  ([4], [15]).  On August 24, 2001, Defendant was sentenced to 41 months imprisonment, followed by three (3) years of supervised release, and ordered to pay $261,494.94 in restitution.  ([15]; see also [94.1]).  As of September 20, 2016, Defendant had paid $56,425.00 toward his restitution obligation.  (See Holloway Decl. [94.2] at ¶ 7).

On December 17, 2003, the Government applied for, and was issued, writs of continuing garnishment for Defendant's property held by Wells Fargo and Washington Mutual.  (See [25], [26]).  Defendant did not oppose, or request a hearing on, these writs.

On October 1, 2009, the Government sent Defendant an Administrative Offset Notice (the "Notice"), which states that the amount of restitution Defendant owes to the Government is $254,280.06, and that it is due immediately.  (Notice [94.3]).  The Notice also states: "[t]o avoid referral of your debt to the Treasury Offset Program, within 60 calendar days from the date of this [N]otice you must:

---

moot, the Court would still deny Defendant's request for a hearing on the Wells Fargo Garnishment Writ for the same reasons stated in this Order.

2

(1) pay your debt in full; or (2) enter into a repayment agreement; or (3) present evidence that all or part of the criminal or civil judgment debt is not past due or that the judgment debt has been stayed or satisfied."  (Id. at 1-2).  Defendant did not respond to the Notice.

On August 9, 2016, the Government applied for, and was issued, the SunTrust Garnishment Writ.  ([83]).

On August 15, 2016, Defendant was served with the SunTrust Garnishment Writ.  ([90]).

On August 17, 2016, SunTrust filed its Answer to the SunTrust Garnishment Writ, indicating that it had in its possession $146.31 in an account in Defendant's name (the "SunTrust Account").  ([87]).

On August 22, 2016,[2] Defendant filed his Request for Hearing on the SunTrust Garnishment Writ.  Defendant asserts that (1) he "do[es] not owe an enforceable debt to the U.S.;" (2) "payment demand for debt was not made more than 30 days before writ application;" (3) "judgement [sic] should be set-aside for good cause;" (4) Defendant has "no earning ability;" and (5) exemptions apply.

---

[2]  Although Defendant's Request for Hearing was docketed on September 12, 2016, "[u]nder the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).

(Request for Hrg. at 1).  In his Exemption Claim Form, Defendant asserts that the funds in the SunTrust Account are exempt from garnishment under the exemption for wearing apparel and school books, and the minimum exemptions for wages, salary and other income.  (Exemption Claim Form [93]).

The Government opposes Defendant's Request for a Hearing and argues that the claimed exemptions do not apply.

## II.   DISCUSSION

### A.   Legal Standard

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 et seq., "provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution." United States v. Peters, 783 F.3d 1361, 1363 (11th Cir. 2015) (citations omitted).  The FDCPA provides the United States several remedies to satisfy a judgment, including garnishment.  See id.; see also 28 U.S.C. §§ 3202, 3205.  Under Section 3205, a "court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

"Upon commencing an action to recover property under the FDCPA, the government must prepare, and the clerk of court must issue notice to the [defendant] with specific statutory language, including notice that a hearing must be requested within 20 days of receiving notice, or the property to be levied upon may be sold and the proceeds applied toward the money owed the government." Peters, 783 F.3d at 1363 (citing 28 U.S.C. § 3202(b)).  "If the [defendant] requests a hearing within 20 days of receiving notice, '[t]he court that issued such order shall hold a hearing on such motion.'"  Id. (quoting 28 U.S.C. § 3202(d)).  Under Section 3202(d), "the issues at such hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements."  United States v. Pugh, 75 F. App'x 546, 547 (8th Cir. 2003) (citing 28 U.S.C. § 3202(d)).[3]  A defendant is not entitled to a hearing where he fails to

---

[3]      28 U.S.C. § 3202(d) provides that, if a defendant timely requests a hearing, the issues at the hearing shall be limited:
> (1) to the probable validity of any claim of exemption by the [defendant];
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).  Because the judgment in this case is not a result of a default, Section 3202(d)(3) does not apply.

show the Government did not comply with a statutory requirement, or fails to present "a colorable claimed exemption."  See id.; United States v. Frazier, No. 1:03-cr-229-ODE, Doc. 76 at 5-6 (N.D. Ga. Apr. 7, 2016); see also United States v. Harris, No. 3:12-cv-2133-D, 2012 WL 5845544 (N.D. Tex. Nov. 19, 2012) (denying request for hearing under Section 3202(d) because whether garnished profit sharing plan account was exempt was an issue of law that did not require a hearing).[4]

B.   Analysis

Defendant requests a hearing on the SunTrust Garnishment Writ on the following grounds: (1) Defendant "do[es] not owe an enforceable debt to the U.S.;" (2) "payment demand for debt was not made more than 30 days before writ application;" (3) the judgment should be "set-aside for good cause;" (4) Defendant has "[n]o earning ability;" and (5) exemptions apply.  (Request for Hr'g at 1).  The Court considers each of Defendant's arguments in turn.

---

[4]   Under Section 3205, which provides the specific procedures for garnishment, a garnishee must file an answer describing any property subject to garnishment, 28 U.S.C. § 3205(c)(4), and, "within 20 days after receipt of the answer, the [defendant] subject to garnishment may file a written objection to the answer and request a hearing," 28 U.S.C. § 3205(c)(5).

Here, Defendant does not object to information provided by SunTrust in its Answer.  Instead, Defendant appears to request a hearing under Section 3202(d) because he challenges the validity of the writ itself, the Government's compliance with the FDCPA, and whether the funds in the SunTrust Account are exempt from garnishment.  The hearing procedure in Section 3205(c)(5) does not apply here.

       1.      Whether Defendant "owe[s] an enforceable debt to the U.S."

A hearing under Section 3202(d) is limited to determining the validity of a claimed exemption and the government's compliance with the FDCPA's statutory requirements. See 28 U.S.C. § 3202(d). It is "not an opportunity for [Defendant] to challenge the validity of the underlying conviction or restitution obligation." See Pugh, 75 F. App'x at 547. Defendant does not argue that he owes less than the Government claims or that he has satisfied his restitution obligations. Compare id. (permitting defendant to challenge, on remand, the amount of restitution still owed, but prohibiting Defendant from challenging the validity of his conviction or restitution obligation). Defendant is not entitled to a hearing based on his argument that he "does not owe an enforceable debt to the U.S."

       2.      Timing of Payment Demand

In its application for a writ of garnishment, the Government must include, among other things, "the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand was made and the [defendant] has not paid the amount due." 28 U.S.C. § 3205(b)(1)(B).

On August 9, 2016, the Government applied for, and was granted, the SunTrust Garnishment Writ. ([83]). The Notice was sent to Defendant on October 1, 2009, more than six (6) years before the Government applied for the

SunTrust Garnishment Writ.  (See [94.3]).  The Notice states that the Court's judgment "is a final decision that [Defendant] owe[s] this debt to the United States," that payment is due "immediately," and it requests that Defendant "pay [his] debt in full" within sixty (60) calendar days from the date of" the Notice.  (Id.).  Defendant has been aware of his restitution debt and the Government's demand for payment since, at the latest, October 1, 2009.[5]

The Court finds that the Government complied with Section 3205(b)(1)(B) because it applied for the SunTrust Garnishment Writ more than thirty (30) days after it demanded payment from Defendant in the form of the October 1, 2009, Notice.  Defendant is not entitled to a hearing based his argument that "payment demand for debt was not made more than 30 days before writ application."

### 3. "Good cause" and "no earning ability"

Defendant next asserts that the "judgement [sic] should be set-aside for good cause" and he has "no earning ability."  (Request for Hr'g at 1).  Defendant does not describe the "good cause" he claims supports setting aside the judgment, and a hearing under Section 3202(d) is "not an opportunity for [Defendant] to challenge the validity of the underlying conviction or restitution obligation."  See Pugh,

---

[5] The Court also notes that on December 17, 2003, the Government, applied for, and was granted, a writ of continuing garnishment as to Wells Fargo and Washington Mutual, and Defendant did not oppose these writs.  (See [25], [26]).

75 F. App'x at 547; see also 28 U.S.C. § 3202(d).  To the extent Defendant claims he has "no earning ability," courts have consistently held that a defendant's argument "that he is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)."  United States v. Mahar, 42 F.3d 1389 (6th Cir. 1994); see also United States v. Lawrence, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) ("[C]onsideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing.").  Defendant is not entitled to a hearing based on his arguments that the judgment should be set-aside for good cause and because he has no earning ability.

    4.  Exemptions

 A defendant claiming his property is exempt from the FDCPA has the burden of proving that he is entitled to the exemption.  See 28 U.S.C. § 3014(b); United States v. Sawaf, 74 F.3d 119, 121 (6th Cir. 1996).  Under 18 U.S.C. §§ 3613(a), (f), the Government may collect restitution using practices and procedures under federal or state law, subject to certain exemptions.

 Defendant claims that the funds in the SunTrust Account are exempt from garnishment under 18 U.S.C. § 3613(a)(1), which includes property exempt from federal taxes, such as "wearing apparel and school books," pursuant to 26 U.S.C.

§ 6334(a)(1).  (Exemption Claim Form at 1).  The exemptions in Section 6334(a)(1) "apply to a person's tangible assets, not to money that may be used to purchase such tangible items."  United States v. Holcomb, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012); see also United States v. Bank of Am., No. 10-57.21, 2011 WL 1483715, at *4-5 (E.D. Tex. Mar. 28, 2011) (money in bank account is not exempt from garnishment under Section 6334(a)(1)).  Because the funds in the SunTrust Account are "entirely monetary, [they are] not exempt from garnishment under Section 6334(a)(1)."  Id.

Defendant next argues that the funds in the SunTrust Account are exempt from garnishment under 18 U.S.C. § 3613(a)(3), which exempts certain property under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673.  The CCPA provides that the maximum allowable "garnishment may not exceed (1) 25 per centum of [an individual's] disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . , whichever is less."  15 U.S.C. § 1673(a).

"'Earnings' within the meaning of the CCPA does not include every asset that is traceable to compensation."  Frazier, No. 1:03-cr-229-ODE, Doc. 76 at 5 (citing Kokoszka v. Belford, 417 U.S. 642, 651 (1974)).  "Rather, the CCPA seeks to protect periodic payments of compensation needed to support the wage earner

10

and his family on a week-to-week basis." Id. "Wages that have been voluntarily converted into savings are not 'earnings'" under the CCPA exempt from garnishment. Id. (citing Gehrig v. Shreves, 491 F.2d 668, 674 (8th Cir. 1974); United States v. Laws, 352 F. Supp. 2d 707, 713 (E.D. Va. 2004) (funds placed into annuity not protected from garnishment)). Because the funds in the SunTrust Account are not "earnings" within the meaning of the CCPA, they are not exempt from garnishment under Section 3613(a)(3). Defendant is not entitled to a hearing based on his arguments that the funds in the SunTrust Account are exempt from garnishment as "wearing apparel and school books," or earnings under the CCPA.

Defendant fails to show that the Government did not comply with a statutory requirement under the FDCPA, and Defendant has not presented "a colorable claimed exemption" to garnishment or other permissible basis to require a hearing under Section 3202(d). See 28 U.S.C. § 3202(d); Pugh, 75 F. App'x at 547; Frazier, No. 1:03-cr-229-ODE, Doc. 76 at 5-6; Harris, 2012 WL 5845544. Defendant's Request for a Hearing on the SunTrust Garnishment Writ is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Everett J. Tripodis's Request for a Hearing [93] on the Writ of Continuing Garnishment against Defendant's property issued to Wells Fargo Bank, N.A., is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Request for a Hearing [92] on the Writ of Continuing Garnishment against Defendant's property issued to SunTrust Bank, is **DENIED**.

**SO ORDERED** this 27th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE